**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

MARY LUTZ, )
)
             Plaintiff, )
vs. )     CASE NO.: 3:14-CV-79
)
)     **JURY TRIAL DEMANDED**
)
FOLLETT CORPORATION, )
)
            Defendant. )
_____/

**COMPLAINT**

COMES NOW, the Plaintiff, MARY LUTZ (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues FOLLETT CORPORATION (hereinafter referred to as "Defendant"), and alleges:

**JURISDICTION AND VENUE**

1.      This is an action for unpaid Federal Minimum Wage and overtime compensation under the Fair Labor Standards Act (hereinafter "FLSA"), as amended 29 U.S.C. § 201 et. seq. (hereinafter designated as "the FLSA").

2.      This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206 and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

3.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

LUTZ v. FOLLETT CORPORATION
*Complaint*
Page 1 of 9

4.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant is located and operates within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

5.     Plaintiff, MARY LUTZ, is a resident of the State of Florida and worked for the Defendant, in Pensacola, Florida, during at least 15 years before the date this Complaint was filed.

6.     Plaintiff, MARY LUTZ, worked for the Defendant on the campus of the University of West Florida in Escambia County, Florida.

7.     Defendant, FOLLETT CORPORATION, is a corporation that transacts business in the Escambia County, Florida.

8.     Plaintiff demands trial by struck jury.

## FACTUAL ALLEGATIONS

9.     The Defendant, FOLLETT CORPORATION (hereinafter referred to as "FOLLETT "), was the Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10.    At all times material, the Defendant was the Plaintiff's "employer" within the meaning of the Fair Labor Standards Act.

11.    The Defendant is an enterprise engaged in interstate commerce.

12.    The Defendant, as part of its operations, would operate a bookstore, which includes transacting business in interstate commerce, transacting business with foreign corporations which were part of interstate commerce, would purchase equipment, parts,

products, and supplies from vendors, wholesalers, dealers, and suppliers out of state which were part of interstate commerce, and would transact and conduct business across state lines, all of which are part of interstate commerce.

13.  The Defendant, FOLLETT, has annual revenue of at least five hundred thousand dollars ($500,000.00).

14.  The Plaintiff, MARY LUTZ (hereinafter "Plaintiff"), is an employee of the Defendant within the meaning of the FLSA.

1)  The Defendant, FOLLETT CORPORATION, is an employer within the meaning of the FLSA.

15.  The Plaintiff worked for the Defendant as a General Merchandise Manager and was paid a salary of at least $455.00 per week.

16.  The Plaintiff was misclassified as an "exempt" from overtime employee.

17.  The Plaintiff's daily work responsibilities included, unloading merchandise, rearranging merchandise, moving shelves, and performing general labor and maintenance duties with the Defendant.

18.   At all times material herein, the Defendant controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff.   The Defendant was responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, assigning the Plaintiff's work duties, and supervising the Plaintiff.

19.     The Defendant failed to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendant.

20.     Since the Plaintiff began working for the Defendant, at least in the 3 years before the date that this Complaint was filed, Plaintiff was not paid the appropriate wage under the FLSA for each and every hour worked for Defendant.

21.     During the three (3) years before the date of this complaint, Plaintiff was not paid at least the appropriate minimum wage for each and every hour worked under the FLSA and was not paid overtime compensation for all hours worked over forty hours in a work week under the FLSA.

22.     The Defendant permitted the Plaintiff to work for them but did not pay her for all work that he performed for the Defendant.

23.     The Plaintiff would regularly work over forty (40) hours in a work week but would not be paid for each hour worked.

24.     The Plaintiff never received wages or compensation for all hours that he worked for the Defendant, and the Defendant refused to pay same.

25.     The Defendant had actual or constructive knowledge that the Plaintiff worked over forty (40) hours in a work week and was not paid overtime for all hours worked over forty hours in a work week.

26.     The Defendant had actual or constructive knowledge that the Plaintiff was not paid at least the Federal minimum wage for each and every hour worked.

27.     The Plaintiff did not supervise two (2) or more full-time employees or their equivalent.

28.     The Plaintiff did not have the authority to hire employees.

29.     The Plaintiff did not have the authority to fire employees.

30.     Plaintiff is entitled to overtime compensation for all hours that she worked over 40 hours

        a week.

31.     Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable

        fee for their services pursuant to the FLSA.

## COUNT I – Failure to Pay Minimum Wage Under FLSA

32.     Plaintiff re-alleges and incorporates all preceding paragraphs.

33.     The Plaintiff was an employee of the Defendant.

34.     The Defendant is an employer and enterprise engaged in interstate commerce and is

        subject to the FLSA.

35.     The FLSA mandates that an employer pay any employee at least the minimum wage for

        each hour worked. 29 U.S.C. § 206(a).

36.     The Plaintiff regularly worked for the Defendant but was not paid at least the Federal

        Minimum Wage for each hour worked as required by the FLSA.

37.     The Defendant failed and refused to compensate Plaintiff at the minimum hourly wage

        for each and every hour worked as required under the FLSA.

38.     The Defendant was aware they had suffered and permitted the Plaintiff to work without

        proper compensation for minimum wages and overtime under the FLSA.

39.     The Defendant knew, or showed reckless disregard for the fact, that their failure to pay

        the Plaintiff as alleged herein was in violation of the FLSA.

40.     The actions of the Defendant complained of herein were willful within the meaning of 29

        U.S.C. § 216(b).

41.    Because of Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

42.    As a result of the unlawful acts of Defendant, the Plaintiff have been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays this Court to enter a judgment declaring that the Defendant, FOLLETT CORPORATION, has violated the minimum wage provisions of the FLSA, 29 U.S.C. §206, as to the Plaintiff; declare that the Defendant's, FOLLETT CORPORATION, violations of the FLSA were willful; award Plaintiff damages for the amount of minimum wages due, subject to proof at trial; award Plaintiff liquidated damages, and award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and grant such other and further relief as this Court deems equitable and just.

## <u>COUNT II – Failure to Pay Overtime Wages Under FLSA</u>

43.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31).

44.    When the Plaintiff worked for the Defendant, he worked in excess of forty (40) hours in a workweek.

45.    Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay.

46.     The Defendant employed the Plaintiff in excess of forty (40) hours in each workweek without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

47.     The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

48.     The FLSA mandates an employer pay its employees time and a half (1 ½) for each and every hour worked in excess of forty (40) hours in a work week.

49.     The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

50.     The Defendant was aware the Plaintiff worked in excess of forty (40) hours in a workweek.

51.     The Defendant was responsible for keeping track of the hours Plaintiff worked; however, the Defendant failed to keep proper and adequate time records for the hours the Plaintiff worked for the Defendant.

52.     The Defendant failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

53.     Because of the Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

54.     As a result of the unlawful acts of the Defendant, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

        **WHEREFORE**, the Plaintiff prays this Court to enter a judgment declaring that the Defendant, FOLLETT CORPORATION, has violated the overtime provisions of the FLSA, 29

U.S.C. §207, as to the Plaintiff; declare that the Defendant's, FOLLETT CORPORATION, violations of the FLSA were willful; award Plaintiff damages for the amount of overtime compensation, subject to proof at trial; award Plaintiff liquidated damages, and award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and grant such other and further relief as this Court deems equitable and just.

## COUNT III – RETALIATORY DISCHARGE

54)   Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31).

55)   Prior to September 20, 2013, the Plaintiff complained to her employer that she was not being properly compensated under the FLSA and/or was misclassified as an "exempt" employee.

56)   On September 20, 2013, the Plaintiff complained to her employer in writing that she was not being properly compensated under the FLSA and/or was misclassified as an "exempt" employee.  See Exhibit A.

57)   On November 1, 2013, the Plaintiff was terminated from her employment with the Defendant.

58)   The Plaintiff was terminated in retaliation of her complaints to her employer about her job activities and the failure to pay her overtime/misclassify her as an "exempt" employee.

59)   The reason given by the Defendant for terminating the Plaintiff was pre-textual.

60)   The Defendant has discriminated, retaliated against, or has otherwise taken adverse action against the Plaintiff based on her attempt to exercise his rights under the FLSA.

61)     The Defendants are in violation of FLSA.

62)     As a direct and proximate result of Defendant's intimidation, coercion, and/or discharge of Plaintiff, she has suffered diminished earning capacity, loss of wages, loss of earning capacity and/or mental anguish, and pain and suffering.

63)     These losses are continuing in nature.

**WHEREFORE**, the Plaintiff prays this Court to enter a judgment declaring that the Defendant, FOLLETT CORPORATION, has violated the FLSA by taking adverse action against her for asserting her rights under the FLSA/Retaliation; declare that the Defendant's, FOLLETT CORPORATION, violations were willful; award Plaintiff damages for the amount of past and future lost wages, punitive damages, and damages for mental anguish and pain and suffering, subject to proof at trial; award Plaintiff reasonable attorneys' fees and costs, and grant such other and further relief as this Court deems equitable and just.

## <u>JURY TRIAL DEMANDED</u>

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
Fla. Bar No. 015484
TYLER L. GRAY, ESQ.
Fla. Bar No. 0059738
Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, FL  32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com;
tyler@talbottlawfirm.com;
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*

LUTZ v. FOLLETT CORPORATION
*Complaint*
Page 9 of 9