## SETTLEMENT AGREEMENT AND RELEASE

Mary Lutz ("Plaintiff" or "LUTZ") and FOLLETT HIGHER EDUCATION GROUP, INC. ("Defendant" or "FOLLETT"), hereby enters into this Agreement and Release (the "Agreement") to resolve claims and potential claims by Plaintiff against Defendant.  Plaintiff and Defendant are sometimes referred to collectively as the "Parties".

## RECITALS

Plaintiff filed a Complaint against Defendant in the United States District Court for the Northern District of Florida, Pensacola Division (the "Court") in the matter captioned *Mary Lutz v. Follett Higher Education Group, Inc.*, Case No. 3:14-CV-79 (hereinafter the "Litigation").  In this Litigation, Plaintiff alleges various claims under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201, *et seq.*, including a claim for unpaid overtime and a claim for retaliatory discharge under the FLSA.  Defendant filed an Answer and denied Plaintiff's allegations and specifically denied that Defendant had violated federal and/or state law, disclaimed any liability and asserted affirmative defenses.  The Parties now wish to amicably resolve their disputes and fully end the Litigation.  In consideration of the covenants and promises set forth below, and for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Plaintiff unconditionally discharges Defendant and its predecessors, successors, parent, subsidiaries, affiliates and any past or present directors, officers, employees, agents or attorneys from any and all claims, causes of action, demands or controversies, whether known or unknown at this time, which could arise under the FLSA, including claims for retaliatory discharge under the FLSA.  However, the plaintiff does not release any claims that she may have for workers compensation benefits with the employer/defendant.

**Exhibit A**

2. In exchange for the mutual promises contained herein and for other good and valuable consideration the receipt of which is expressly acknowledged, the Parties agree that Defendant, within 20 days of the Court's approval of this Agreement or dismissal of this case, will pay a total amount of Twenty Five Thousand Five Hundred Dollars ($25,500.00) ("Settlement Sum") to Plaintiff and her attorneys, the receipt and sufficiency of which is hereby acknowledged. The payment of the Settlement Sum will be as follows:

   a. Defendant will pay to Plaintiff the total sum of Twelve Thousand Five Hundred Dollars ($12,500.00) to completely resolve the claim for unpaid wages/overtime under the Fair Labor Standards Act. Half of this amount will be subject to applicable state and federal withholding. Therefore, Defendant will arrange for its payroll vendor to issue a check payable to "Mary Lutz" in the amount of $6,250.00, less applicable state and federal withholding deductions, such deductions to be applied at the bi-weekly payroll rate (the "Payroll Check"). Defendant will also issue a separate check made payable to "Mary Lutz" in the amount of $6,250.00 (the "Direct Check"). For income tax purposes, Defendant agrees to issue, at the appropriate time and pursuant to IRS regulations, an IRS Tax Form W-2 reflecting the payment made in the Payroll Check and an IRS Tax Form 1099-MISC reflecting the payment made in the Direct Check. Plaintiff will complete and return a Form W-9, and any other required documentation, for Defendant to process the payments described in this paragraph. The payments described in this paragraph represent a compromise and settlement of any and all claims by Plaintiff against Defendant for unpaid wages, overtime, back pay and

**Exhibit A**

    liquidated damages. Plaintiff states that no wages, vacation pay, bonuses, commissions, other benefits, or severance are due to her beyond those stated in this paragraph. Payment of the monies due hereunder shall completely resolve all claims for unpaid wages which could have been owed to the Plaintiff.

  b. Defendant agrees to pay Twelve Thousand Fifty Five Dollars and 13/100 ($12,055.13), representing attorneys' fees and Nine Hundred Forty Four Dollars and 87/100 ($944.87) for costs and expenses for work performed by Jeremiah J Talbott on behalf of the plaintiff for the claim for unpaid overtime. One check for $13,000.00 will be made payable to "Law Office of Jeremiah J. Talbott, P.A." For income tax purposes, Defendant shall issue an IRS Tax Form 1099-MISC to Law Office of Jeremiah J. Talbott, P.A. reflecting payment of these fees, costs and expenses, at the appropriate time and pursuant to IRS regulations.

  c. Under separate agreement, the parties have agreed to settle the retaliation claim for which Defendant has given separate and adequate consideration. Plaintiff will pay separate attorney fees for the retaliation claim.

3. The plaintiff and her attorneys acknowledge and agree that neither Defendant nor any of Defendant's representatives have made any representations to them regarding the tax consequences of any amount received by them pursuant to this Agreement. Plaintiff also agrees that her decision to enter into this Agreement is not based, in any way, on any statement or representation made by Defendant or its attorneys. This Agreement sets forth the entire understanding between Plaintiff and Defendant with respect to the FLSA and related claims asserted in the Litigation. This Agreement may be amended only by a written agreement signed by both Parties.

**Exhibit A**

4. This Agreement is made to avoid the cost and effort of continued litigation. Defendant denies any liability to Plaintiff and this Agreement shall not be construed as any sort of admission of wrongdoing.

5. Plaintiff warrants that she has 100% ownership of the claims she is waiving through this Agreement and that she has complete legal authority to enter into this Agreement. This Agreement shall benefit and bind the parties, their representatives, heirs and successors. Plaintiff warrants that she has not assigned her interest in this Agreement and agrees not to assign in the future any interest she may have in this Agreement.

6. Should any provision of this Agreement be declared unlawful or invalid, all other provisions shall remain in full force and effect.

7. This Agreement has been fully and fairly negotiated by the attorneys for Plaintiff and Defendant. This Agreement is the work product of all Parties and will not be construed as "drafted by" any single party or construed against any party.

8. Plaintiff releases all claims against Defendant described specifically in paragraph 2 of this Agreement willingly, freely and without duress.

9. This Agreement is contingent upon review and approval of the Agreement by the Court and Plaintiff agrees to cooperate fully in the preparation and presentation of joint motions seeking such approval. This Agreement shall also be contingent upon Plaintiff becoming a party to this Agreement and not revoking the same.

10. To facilitate the execution of this Agreement, it may be signed in multiple counterparts, each of which will constitute an original, but which together will constitute a single agreement.

[INTENTIONALLY LEFT BLANK - SIGNATURE PAGE TO FOLLOW]

**Exhibit A**

_____		Dated: _____, 201__
Mary Lutz


_____		Dated: _____, 201__
Follett Higher Education Group, Inc.


_____
By its duly authorized (title)

**Exhibit A**