**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**MARY LUTZ,**

      **Plaintiff,**

**v.**                                                    **Case No. 3:14cv79/MCR/CJK**

**FOLLETT HIGHER EDUCATION GROUP, INC.,**

      **Defendant.**

_____/

## <u>ORDER</u>

Plaintiff Mary Lutz filed this suit on February 18, 2014, alleging that her former employer and Defendant, Follett Higher Education Group, Inc. ("Follett"), violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") by failing to pay her minimum wages and overtime compensation.  In addition to her unpaid wage claims, Lutz asserted a claim for retaliatory discharge under the FLSA for Follett's act of terminating Lutz's employment after she complained to Follett that she was not being properly compensated.  *See* 29 U.S.C. § 215(a)(3).  Follett denies any wrongdoing, and argues that it is exempt from FLSA coverage in this case.  Wishing to avoid the uncertainties of litigation, Lutz and Follett have agreed to settle Lutz's FLSA claims, and have filed a Joint Motion for Approval of Settlement and Entry of an Order of Dismissal (Doc. 46) stating that the matter is fully resolved and requesting the Court to approve their proposed Settlement Agreement and Release ("Settlement Agreement" or "Agreement").

"Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).  In the event an employee brings suit to recover back wages under the FLSA, the parties are required to obtain judicial approval of any proposed FLSA settlement that involves a compromise,

including one where the defendant has agreed to pay the plaintiff less than the full amount of her claim for unpaid wages. *See id.* at 1353; *Dees v. Hydradry, Inc.*, 706 F. Supp.2d 1227, 1240 (M.D. Fla. 2010).   In such cases, courts must determine whether the compromise of plaintiff's FLSA wage claim represents "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.   This inquiry involves both internal and external factors. *See Dees*, 706 F. Supp. 2d at 1241-43.   The internal factors include the following principles: (1) the compromise must be fair and reasonable to the employee; (2) the compromise must resolve a *bona fide* dispute; (3) the compromise may not include a confidentiality provision, which contravenes FLSA policy; (4) the compromise may not involve a prospective waiver of FLSA rights; and (5) the compromise must award reasonable attorney's fees. *See id.*   External factors involve determining whether the compromise otherwise frustrates the implementation of the FLSA, which requires courts to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44.   In deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed are factors to be considered as well as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id.* at 1241.

In her Complaint, Lutz alleges that she worked for Follett for nearly 15 years and was employed in a salaried position, which, she states, Follett misclassified as exempt from overtime compensation under the FLSA.   Lutz argues that she is owed 1,024 hours of unpaid overtime, which equates to a maximum of $8,550.40 in unpaid wages. *See* Doc. 46, at 2-3.   Lutz concedes, however, that she did not "clock in" and "clock out" when she worked for Follett and thus cannot determine the precise number of overtime hours she actually worked.   Lutz has agreed to dismiss her unpaid wage claims with prejudice in exchange for $6,250 in unpaid wages plus an equal amount in liquidated damages.   In addition, Paragraph 1 of the Settlement Agreement states that Lutz is waiving not only her present claims but also "any and all claims, causes of action, demands or controversies, whether known or unknown at this time, which could arise under the FLSA, including claims for retaliatory discharge under the FLSA."   Doc. 46-1,

at 1.  Given this broad release and the fact that Follett has agreed to pay Lutz less than the full amount of the unpaid wages she alleges are owed, the Court has scrutinized the Settlement Agreement to determine whether it is fair and reasonable.  *See Dees*, 706 F.Supp.2d at 1240 & 1243.

Regarding the settlement of Lutz's two FLSA unpaid wage claims, the parties' agreement is a fair and reasonable compromise.  This case involves a *bona fide* dispute regarding both FLSA coverage and compensation, both parties are represented by counsel, and Lutz is receiving a significant portion of the unpaid wages she claims are due dispute her inability to prove the actual number of overtime hours she worked.  Lutz is also receiving an equal amount of liquidated damages and a separate award of attorney's fees.  Accordingly, the Court finds that the actual amount to be paid in settlement of Lutz's unpaid wage claims is a fair and reasonable compromise of those claims.  *See Lynn's Food Stores*, 679 F.2d at 1355.

Although the release also encompasses Lutz's separate FLSA retaliatory discharge claim, the parties state that they have agreed to settle this particular claim for "separate and adequate consideration."  Doc. 46, at 3.  The parties have not provided the terms of their agreement; however, a settlement of a retaliation claim, as opposed to a FLSA claim for unpaid wages, need not be approved by the Court.  *See McQuillan v. H.W. Lochner, Inc.*, No. 6:12-cv-1586, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013) ("Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the District Court.").  *See also Mason v. Wyndham Vacation Ownership, Inc.*, No. 6:10–cv–1805, 2012 WL 570060 (M.D. Fla. Feb. 17, 2012) (scrutinizing the fairness of a proposed FLSA settlement as to plaintiff's FLSA claims for unpaid wages, but not as to plaintiff's retaliation claim).[1]

---

[1] Nothing in *Lynn's Foods Stores* suggests otherwise.  *Lynn's Food Stores* involved FLSA violations as to minimum wage, overtime, and record-keeping provisions, 679 F.2d at 1352, and the rule announced in that case applied only to settlements of "back wage claims."  *See id.* at 1352-53 (stating that "[t]here are only two ways in which *back wage claims* arising under the FLSA can be settled or compromised," including judicial approval of a settlement in cases where "employees bring a private action *for back wages* under the FLSA") (emphasis added).  In addition, in requiring judicial scrutiny of FLSA settlements, the court in that case was concerned with the "many harms which may occur when employers are allowed to 'bargain' with their employees over *minimum wages and overtime compensation*," *id.* at 1354-55 (emphasis added), concerns which do not apply to a retaliation claim.

Although most of the Settlement Agreement is fair and reasonable, the broadly-worded release in Paragraph 1 of the Agreement is *per se* unreasonable in the FLSA context and thus this provision of the Agreement will be stricken by the Court pursuant to the severability clause in Paragraph 6.  According to *Dees*, a compromise may not involve a prospective waiver of FLSA rights.  *Dees*, 706 F.Supp.2d at 1243.  Paragraph 1 of the Settlement Agreement states that Lutz is waiving not only her present claims, but also "any and all claims . . . whether known or unknown at this time, which could arise under the FLSA. . . ."  Doc. 46-1, at 1.  As worded, this release could reach beyond the claims in this suit and encompass FLSA claims that are currently "unknown" and "could arise" in the future.  Such a prospective waiver of FLSA rights is not enforceable, and is not approved.  *See Dees*, 706 F.Supp.2d at 1243 (stating that "an employee may not prospectively waive his right to a minimum wage or to overtime compensation," and that "[t]he district court should reject a compromise that includes a prospective waiver").

When the Settlement Agreement is construed as modified herein, the Court finds no external impediments that would frustrate FLSA policy.  *See id.* at 1243-44.  Also, this is not a collective action and no similarly situated employees have come forward with complaints of noncompliance.  *See id.* at 1244.  Therefore, the Settlement Agreement, as modified, will be approved.

Accordingly, it is ORDERED:

1. The Joint Motion for Approval of Settlement Agreement (Doc. 46) is **GRANTED in part and DENIED in part** as follows:  The Settlement Agreement is approved with the exception of the broadly-worded release in Paragraph 1 of the Settlement Agreement, which is rejected.  The release shall not be construed as prospectively waiving FLSA rights.

2. Lutz's Complaint is **DISMISSED with prejudice** pursuant to the terms of the Settlement Agreement and as stated in the Joint Motion for Approval of Settlement Agreement.

3. There shall be no award of costs or attorney's fees, as those matters have been separately negotiated between the parties.

4.  The Clerk is directed to close the file.

**DONE AND ORDERED on this 5th day of January, 2015.**


*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**